MRS. BERTHA SPRUEILL, Administratrix of the Estate of MAURICE SPRUEILL, JR. v. LINARD HAMLET.

(Filed 20 November 1963.)

Appeal by plaintiff from *Brock, S.J.,* May 27, 1963 Civil Session of Person.

Plaintiff brings this action to recover damages resulting from the death of her intestate, passenger in a bus traveling north on Highway 57. She alleges her intestate's death was proximately caused by defendant's negligence in that he operated his truck in a southward direction at night loaded with slab wood inadequately secured and in such manner that the width of the vehicle and load exceeded ninety-six inches, and while so loaded defendant operated his truck without adequate lights and either to the left of or in such close proximity to the center of the highway that one of the pieces of wood projecting from his truck pierced the bus, striking and killing plaintiff's intestate when the vehicles passed.

Defendant denied plaintiff's allegations of negligence. He alleged he was driving his vehicle in his right lane; the bus driver veered to his left and came into defendant's lane of travel; "at that instant the left side of the bus sideswiped the left side of the bed of the truck . . . the force of the collision caused one of the wooden slabs loaded on the bed of his truck to become dislodged and the same penetrated the window on the left front and side of the bus and thereafter struck plaintiff's intestate." At the conclusion of plaintiff's evidence, defendant's motion for nonsuit was allowed. Plaintiff excepted and appealed.

*Burns, Long & Burns by F. Kent Burns, Young, Moore & Henderson by J. C. Moore for plaintiff appellant.*

*Haywood and Denny by Egbert L. Haywood and George W. Miller, Jr., for defendant appellee.*

ELDRETH *v.* ELDRETH.

PER CURIAM.   We have carefully examined the evidence. We are of the opinion and hold that, when viewed in the light most favorable to plaintiff, it is sufficient to permit a jury to find the facts to be as alleged by plaintiff. If the facts be as plaintiff alleges, defendant is liable. No useful purpose would be served by detailed analysis of the evidence. In accord with our practice, *Weaver v. Bennett,* 259 N.C. 16, 129 S.E. 2d 610, discussion of the evidence is omitted.

Reversed.