JOHNNIE CARL FALLS, by and through his Next Friend, PAUL S. FALLS
v. JACK ODELL WILLIAMS AND ROOSEVELT TIRE SERVICE, INC.

(Filed 4 March 1964.)

APPEAL by plaintiff from *Riddle, S. J.,* September 1963 Session of
GASTON.

Johnnie Falls, a seven year old child, was injured 25 May 1961, when
he and an automobile, owned by individual defendant, collided in the
intersection of Vista Drive and Wayside Place in Gastonia. Williams is
employed by corporate defendant. He was at the time of the collision
about his employer's business. Vista Drive runs north and south. It is
intersected on the west by Wayside Place. Each street is approximately
20 feet wide.

Just prior to the collision, plaintiff was a passenger on a city bus. It
was going north. It stopped adjacent to the east curb of Vista Drive and
just north of the intersection of that street with Wayside Place. When
the bus stopped, infant plaintiff alighted from the rear. He started across
the street from the east to the west side of Vista Drive. He was struck
and injured in the intersection by defendant's car going south.

Plaintiff seeks compensation for his injuries caused, as he alleges, by
Williams' failure to keep his vehicle under control, failure to keep a
lookout for pedestrians whose presence he should have anticipated,
failure to yield the right of way as required by G.S. 20-173 (a), and ex-
cessive speed under the existing conditions.

Defendants denied the collision was the result of any negligent act on
the part of Williams but was an unfortunate and unavoidable accident
caused by the child running from the rear of the bus directly into the
path of defendant's car. As an additional defense, they pleaded contrib-
utory negligence.

Defendants' motion for nonsuit, at conclusion of plaintiff's evidence
was allowed.

*Henry M. Whitesides for plaintiff appellant.*

*Mullen, Holland & Cooke by James Mullen for defendant appellee
Jack Odell Williams.*

*Hollowell & Stott by Grady B. Stott for defendant appellee Roosevelt
Tire Service, Inc.*

PER CURIAM. A careful examination of the evidence convinces us
the case should have been submitted to the jury on appropriate issues.
How the conflicts in the testimony should be resolved is a matter for the
jury—not the court. A detailed discussion of the evidence presently be-

fore us is not appropriate. *Sprueill v. Hamlet,* 260, N.C. 546, 133 S.E. 2d 173.

New trial.